Ralph ARMSTRONG *v.* STATE of Arkansas

CR 07-1074                                    284 S.W.3d 1

Supreme Court of Arkansas
Opinion delivered May 1, 2008

*Terrence Cain,* for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice. Appellant Ralph Armstrong appeals from the circuit court's denial of his petition pursuant to Ark. R. Crim. P. 37. His sole point on appeal is that pursuant to a recent opinion of the United States Supreme Court, he should be granted a new trial at which evidence of third-party guilt should be admitted. We hold that the circuit court did not clearly err and affirm the circuit court's order.

Armstrong was found guilty of two counts of capital murder and was sentenced to two concurrent terms of life imprisonment without parole. This court affirmed the judgment in *Armstrong v. State*, 366 Ark. 105, 233 S.W.3d 627 (2006). In that appeal, Armstrong argued that the circuit court erroneously excluded evidence he requested to present of controversies between Kim Waller, Waller's sisters, and Dashunda Armstrong, the victim, including an audio tape that contained statements by the Waller sisters threatening to kill Dashunda Armstrong. *See id.* He claimed that the circuit court erroneously construed *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993), as requiring evidence of another's guilt to point directly to the other perpetrator's guilt before it could be presented. *See id.* We held that the circuit court did not err in its interpretation of *Zinger* and that the circuit court did not abuse its discretion in rejecting the evidence, as it did no more than create a suspicion or conjecture that the Waller sisters may have played a role in Dashunda Armstrong's death. *See id.*

On July 3, 2006, Armstrong filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1,[1] alleging that a United States Supreme Court opinion, *Holmes v. South Carolina*, 547 U.S. 319 (2006), issued one day before the mandate in this case was issued, overruled *Zinger v. State, supra*. Therefore, Armstrong alleged he should be granted a new trial at which the evidence that allegedly would have incriminated Kim Waller and her sisters be admitted.

---

[1] While Armstrong had filed a similar pro se petition on June 28, 2006, the circuit court granted a motion to substitute it with the Rule 37 petition subsequently filed by his counsel on July 3, 2006, with no objection by the State.

On October 17, 2006, the circuit court held a Rule 37 hearing on Armstrong's motion. The circuit court denied Armstrong's petition on July 17, 2006, finding the following:

> A claim for relief under Rule 37 is not applicable if the claim on which it is based could have been raised at trial or on appeal, unless it presents a question so fundamental as to render the judgment of conviction absolutely void. This issue was adequately presented to this Court both before trial and prior to the case being presented to the jury. Further, the recent United States Supreme Court decision upon which the Petitioner relies did not explicitly overrule the law upon which this Court made its rulings and is otherwise distinguishable. Defendant's petition for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure is therefore denied.

This appeal arises from the order denying Armstrong's petition for postconviction relief. We now turn to the current appeal.

Under our standard of review for a proceeding on a Rule 37.1 petition, the denial of postconviction relief is not reversed unless the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *See O'Connor v. State,* 367 Ark. 173, 238 S.W.3d 104 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *See Flores v. State,* 350 Ark. 198, 85 S.W.3d 896 (2002).

Armstrong contends that, under *Holmes v. South Carolina, supra, Zinger v. State, supra,* is unconstitutional because it abridges defendants' rights to present a complete defense, confront and cross examine witnesses, have a jury determine all facts necessary to convict, and the right to have the government prove its case beyond a reasonable doubt. First, the State avers that Armstrong is too late in making his claim because he never filed a petition for certiorari, and a Rule 37 petition is not the proper forum for him to request that *Holmes* be retroactively applied to his case. Furthermore, the State argues that even if Armstrong could raise *Holmes* now, he is not entitled to relief because *Zinger* was not overruled, either explicitly or implicitly, as the rule applied in *Zinger* is distinguishable from the rule at issue in *Holmes.*

A. *The Appropriateness of Armstrong's Rule 37 petition*

The State contends that objections to evidentiary rulings at trial are not cognizable under Rule 37. Further, the State argues

that Armstrong may not pursue this claim simply because *Holmes* was issued during the time that he could have sought certiorari and that he should have petitioned the United States Supreme Court to have his conviction vacated based on *Holmes*. However, the State fails to cite supporting authority for the proposition that a petition for certiorari to the United States Supreme Court would have been the proper method for Armstrong to pursue this claim.

Rule 37.1 of the Arkansas Rules of Criminal Procedure instructs:

> (a) A petitioner in custody under sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground:

> (i) that the sentence was imposed in violation of the Constitution and laws of the United States or this state[.]

Ark. R. Crim. P. 37.1(a) (2007). Here, Armstrong petitions for a new trial based on his belief that the United States Supreme Court's holding in *Holmes* proves that the circuit court erred in applying *Zinger* to his case, which he alleges violated his rights under the Due Process Clause of the Fourteenth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment. Therefore, a Rule 37 petition was appropriate. In addition, requiring a petitioner to petition the United States Supreme Court for a writ of certiorari instead of bringing a Rule 37 petition does not further judicial economy.

If Armstrong's allegations are correct, the United States Supreme Court has held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). The Court clarified that by "final," it meant "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321. When *Holmes* was issued, this court had not issued the mandate in Armstrong's case, and the time to file for a petition for certiorari had not lapsed.

### B. The Merits of Armstrong's Rule 37 Petition

We now turn to the merits of Armstrong's Rule 37 petition and must decide whether the United States Supreme Court's decision in *Holmes v. South Carolina*, 547 U.S. 319 (2006), overrules

Arkansas precedent, in particular, *Zinger v. State,* 313 Ark. 70, 852 S.W.2d 320 (1993). We conclude it does not.

The *Holmes* Court stated that certain rules regarding the admission of evidence proffered by a criminal defendant to show that someone else committed the crime with which they were charged are widely accepted and were not the rules being challenged in that case. *See Holmes, supra.* For example, the Court noted that "[e]vidence tending to show the commission by another person of the crime charged may be introduced by the accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt; but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded." *Id.* at 327 (citing 41 C.J.S. *Homicide* § 216 (1991)). Additionally, the Court further stated that "[t]he accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged . . . [Such evidence] may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial." *Id.* at 327 (citing 40A Am. Jur. 2d *Homicide* § 286 (1999)).

The *Holmes* Court also accepted a rule established in an earlier South Carolina Supreme Court case, *State v. Gregory,* 198 S.C. 98, 16 S.E.2d 532 (1941):

> In *Gregory,* the South Carolina Supreme Court adopted and applied a rule apparently intended to be of this type, given the court's references to the "applicable rule" from Corpus Juris and American Jurisprudence:
>
>> "[E]vidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible. .... [B]efore such testimony can be received, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party."

547 U.S. at 328 (internal citations omitted). It is not the above rule from South Carolina with which the United States Supreme Court was concerned. However, the rule on review in *Holmes* had been altered and extended by the South Carolina Supreme Court when applied in *State v. Holmes*, 361 S.C. 333, 605 S.E.2d 19 (2004), and *State v. Gay*, 343 S.C. 543, 541 S.E.2d 541 (2001).

In *Gay*, the South Carolina Supreme Court held that "[i]n view of the strong evidence of appellant's guilt–especially the forensic evidence . . . the proffered evidence . . . did not raise 'a reasonable inference' as to appellant's own innocence." 343 S.C. at 550, 541 S.E.2d at 545. Again in *State v. Holmes*, the South Carolina Supreme Court extended the rule and held that "where there is strong evidence of an appellant's guilt, especially where there is strong forensic evidence, the proffered evidence about a third party's alleged guilt does not raise a reasonable inference as to the appellant's own innocence." 361 S.C. at 343, 605 S.E.2d at 24.

The Court in *Holmes* found that the rule as applied by the South Carolina Supreme Court in *State v. Gay*, *supra*, and *State v. Holmes*, *supra*, "does not rationally serve the end that the *Gregory* rule and its analogues in other jurisdictions were designed to promote, *i.e.*, to focus the trial on the central issues by excluding evidence that only has a very weak logical connection to the central issues." 547 U.S. at 329. The Court further commented the problem with the rule as it was applied in *State v. Gay*, *supra*, and *State v. Holmes*, *supra*, was that:

> Under this rule, the trial judge does not focus on the probative value or the potential adverse effects of admitting the defense evidence of third-party guilt. Instead, the critical inquiry concerns the strength of the prosecution's case: If the prosecution's case is strong enough, the evidence of third-party guilt is excluded even if that evidence, if viewed independently, would have great probative value and even if it would not pose an undue risk of harassment, prejudice, or confusion of the issues.

*Id.*

The issue this court must now decide is if the rule we applied in *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993), and *Armstrong v. State*, 366 Ark. 105, 233 S.W.3d 627 (2006), serves the same end as the rule in *Gregory* and its analogues in other jurisdictions, or focuses on the strength of the prosecution's case as the rule applied in *State v. Gay*, *supra*, and *State v. Holmes*, *supra*.

We quoted the Supreme Court of North Carolina with favor in both *Zinger* and *Armstrong* stating:

> A defendant may introduce evidence tending to show that someone other than the defendant committed the crime charged, but, such evidence is inadmissible unless it points directly to the guilt of the third party. Evidence which does no more than create an inference or conjecture as to another's guilt is inadmissible.

*Armstrong v. State*, 366 Ark. at 117, 233 S.W.3d at 637; *Zinger v. State*, 313 Ark. at 75, 852 S.W.2d at 323 (quoting *State v. Wilson*, 322 N.C. 117, 367 S.E.2d 589 (1988)). In addition, quoting the Supreme Court of California, we observed:

> [T]he rule does not require that any evidence, however remote, must be admitted to show a third party's possible culpability . . . [E]vidence of mere motive or opportunity to commit the crime in another person, without more, will not suffice to raise a reasonable doubt about a defendant's guilt: there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime.

*Armstrong v. State*, 366 Ark. at 117, 233 S.W.3d at 637; *Zinger v. State*, 313 Ark. at 75, 852 S.W.2d at 323 (quoting *People v. Kaurish*, 52 Cal. 3d 648, 276 Cal. Rptr. 788, 802 P.2d 278 (1990)).

We hold that the rule this court applied in both *Zinger* and *Armstrong* is not arbitrary and does not evaluate the strength of only one party's evidence as the rule overturned in *Holmes v. South Carolina, supra*. The rule we have applied simply requires that the evidence a defendant wishes to admit to prove third-party guilt sufficiently connects the other person to the crime. In *Armstrong v. State, supra*, we considered the evidence Armstrong alleged should have been admitted at his trial and concluded that it did "no more than create a suspicion or conjecture that the Waller sisters may have played a role in Dashunda Armstrong's death." 366 Ark. at 118, 233 S.W.3d at 637.

For these reasons, we hold that the circuit court did not clearly err in denying Armstrong's Rule 37 petition and affirm.

Affirmed.