

# NUMBER 13-12-00702-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ADAM SCHRAER,**                                          **Appellant,**

**v.**

**TEXAS HEALTH AND HUMAN
SERVICES COMMISSION &
THOMAS SUEHS, IN HIS
OFFICIAL CAPACITY,**                           **Appellees.**

---

### On appeal from the 138th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion by Justice Benavides

By one consolidated[1] issue, appellant, Adam Schraer, contends that the trial

---

[1] Schraer presents eight issues on appeal. For clarity, we consolidated his issues into one general challenge to the trial court's granting of appellees' motion to dismiss for lack of jurisdiction. *See*

court erred by granting the appellees', Texas Health and Human Services Commission (THHSC) and THHSC Executive Commissioner Thomas Suehs's (Commissioner Suehs), plea to the jurisdiction. We affirm.

## I. BACKGROUND

Schraer is a Cameron County resident who is deaf. His primary language is American Sign Language (ASL). Since 2002, Schraer has received government-assistance benefits administered by THHSC. As part of the program, Schraer periodically meets and interviews with THHSC representatives to determine his continued eligibility to receive aid. Prior to attending these meetings, Schraer requests the presence of an ASL interpreter in order to facilitate effective communication with THHSC representatives.

Over the course of 2008 through 2009, Schraer alleges that THHSC failed to provide him with an ASL interpreter at four separate eligibility-reassessment interviews. During these two years, Schraer's benefits were periodically suspended, but later reinstated. Schraer further alleges that in April 2010, despite assurances by THHSC representatives that an ASL interpreter would be present at his next eligibility-reassessment interview, the ASL interpreter did not attend. At this interview, Schraer and THHSC representatives instead attempted to communicate by passing written notes to each other, until another THHSC representative entered the interview and attempted to unintelligibly sign to Schraer, according to the pleadings.

In July 2010, Schraer filed suit against THHSC and alleged statutory violations of Chapter 121 of the Texas Human Resources Code. Schraer sought civil penalties,

TEX. R. APP. P. 47.1.

declaratory relief, and injunctive relief. THHSC answered and later filed a plea to the jurisdiction and motion to dismiss, which asserted that Schraer failed to exhaust his administrative remedies prior to filing suit.

In June 2011, Schraer filed his first amended petition and added two more counts that alleged THHSC's violations of the federal Americans with Disability Act (ADA), *see* 42 U.S.C. § 12132 (2006), and the Rehabilitation Act of 1973, *see* 29 U.S.C. § 794 (2012). THHSC subsequently filed its second plea to the jurisdiction and asserted that in addition to Schraer failing to exhaust his administrative remedies, sovereign immunity barred Schraer's claims under the Texas Human Resources Code, and the Eleventh Amendment to the United States Constitution barred Schraer's claims under the ADA and the Rehabilitation Act. On June 21, 2011, the trial court held a hearing on THHSC's plea to the jurisdiction and took the matter under advisement.

In November 2011, Schraer filed his second amended petition, his live pleading, which added Commissioner Suehs, in his official capacity, as a defendant. In this pleading, Schraer reformed his relief requested and sought a declaratory judgment under the Uniform Declaratory Judgments Act (UDJA), *see generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (West 2008), which would require THHSC and Suehs to comply with Chapter 121, the ADA, and the Rehabilitation Act to "make the THHSC benefits programs and services accessible to individuals with disabilities, in particular providing ASL interpreters and other reasonable accommodations to persons with hearing disabilities in eligibility reassessment interviews." Additionally, Schraer sought permanent injunctions against THHSC and Suehs, requiring them to "abide by Chapter [121], the ADA, and the Rehabilitation Act, by making its benefits eligibility interviews

3

accessible to the deaf and hard of hearing recipients of benefits." Schraer additionally requested attorney's fees and costs.

THHSC filed an amended second plea to the jurisdiction, which was heard on March 1, 2012, and again, taken under advisement, but the trial court ordered both parties to mediation by March 9, 2011.

On March 12, 2012, THHSC and Commissioner Suehs filed their third plea to the jurisdiction and motion for summary judgment with attached evidence in support. Specifically in the plea, THHSC and Commissioner Suehs argued that: (1) Schraer's claims for prospective relief were barred as a matter of law because THHSC is immune; (2) Schraer's claims were not ripe; (3) Schraer did not present a justiciable controversy; (4) Schraer lacked standing; (5) even if Schraer's claims were ripe, they were moot; and (6) injunctive relief is improper because no jurisdictional evidence exists that Schraer would be denied an interpreter. On April 23, 2012, the trial court held another hearing, and the plea and motion were, again, taken under advisement. On August 2, 2012, the trial court granted THHSC and Commissioner Suehs's plea to the jurisdiction and dismissed all of Schraer's claims with prejudice. Schraer filed a motion for new trial, which was denied by operation of law. This appeal followed.

## II. PLEA TO THE JURISDICTION

### A. Standard of Review

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.*

When a plea to the jurisdiction challenges the pleadings, we determine if the

4

pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in favor of the plaintiff and look to the pleaders' intent. *Id.*

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *Id.* However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). Even a failure to allege sufficient facts to demonstrate jurisdiction does not necessarily authorize immediate dismissal. *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 753 (Tex. App.—Austin 1998, no pet.).

If the plea challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised, as the trial court is required to do so. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. If a fact question exists, then the plea cannot be granted and the fact issue will be resolved by the fact finder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules

5

on the plea to the jurisdiction as a matter of law. *Id.*

## B.    Discussion

When a trial court grants a plea to the jurisdiction without specifying the precise basis for its ruling, an appellant must attack all independent grounds that fully support the adverse ruling. *See Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied). Schraer argues eight distinct grounds, based upon THHSC and Suehs' pleas, in which the trial court erred. However, we will only address the immunity ground because it is dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

### 1. Immunity

THHSC and Suehs argue in their pleas to the jurisdiction, and again on appeal, that sovereign immunity protects them against Schraer's claims under Chapter 121, the ADA, and the Rehabilitation Act. We agree.

Generally, the State and other agencies are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Sovereign immunity protects the State from lawsuits for money damages. *Tex. Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, such as THHSC. *See Witchita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

### A. Nature of Schraer's Claims

Schraer's pleadings name THHSC and Commissioner Suehs as defendants and seek two separate, yet related, forms of relief. The first is a declaratory judgment that THHSC and Commissioner Suehs must comply with Chapter 121, the ADA, and the

6

Rehabilitation Act by "providing ASL interpreters and other reasonable accommodations to persons with hearing disabilities in eligibility reassessment interviews." The second asks the court to grant prospective relief in the form of an injunction, which would require THHSC and Commissioner Suehs to abide by Chapter 121, the ADA, and the Rehabilitation Act. Schraer's relief does not involve retrospective relief, but rather prospective relief. In other words, it involves the reassertion of control over the State—that is, Schraer seeks to enforce existing statutes, rather than alter policy.[2] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Such suits, like Schraer's, are labeled ultra vires claims and fall under an exception to sovereign immunity. *See id.* at 372–73

The UDJA is designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). It goes on to provide that "a person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a) (West 2008). The UDJA does not, however, enlarge the trial court's jurisdiction, and a litigant's request for declaratory relief does not alter the suit's underlying nature. *Heinrich*, 284 S.W.3d at 370–71; *IT-Davy*, 74 S.W.3d at 855. Therefore, as a technical matter, governmental entities themselves, as opposed to their officers acting in their official capacity, remain immune from suit absent a clear and unambiguous waiver by the legislature. *See Heinrich*, 284 S.W.3d

---

[2] Schraer acknowledges in his response to THHSC and Commissioner Suehs's amended second plea to the jurisdiction that he seeks only declaratory and injunctive relief.

7

at 372–73; *see also* TEX. GOV'T CODE ANN. § 311.034 (West 2005) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"); *IT-Davy*, 74 S.W.3d at 854 (noting that courts defer to "the Legislature to waive sovereign immunity from suit because this allows the Legislature to protect its policymaking function."). Finally, an applicant is entitled to an injunction if "the relief demanded . . . requires the restraint of some act prejudicial to the applicant." *See* TEX. CIV. PRAC. & REM. CODE § 65.011(1) (West 2008).

## B. Proper Parties and Permissible Relief

With this general framework in mind, we turn now to the pleadings to determine whether THHSC and Commissioner Suehs are proper parties and whether Schraer seeks permissible relief.

### (1) Chapter 121 of the Texas Human Resources Code

Chapter 121's purpose is to further the State's policy to "encourage and enable persons with disabilities to participate fully in the social and economic life . . . to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." TEX. HUM. RES. CODE ANN. § 121.001 (West 2013). Schraer alleges that THSCC and Commissioner Suehs violated section 121.003. Specifically, Schraer cites section 121.003's prohibition of discrimination of disabled persons, including a refusal to allow a person with a disability to use or be admitted to any public facility, a ruse or subterfuge calculated to prevent or discourage a person with a disability from using or being admitted to a public facility, and a failure to: make reasonable accommodations in policies, practices, and procedures, s*ee* TEX. HUM. RES. CODE ANN. § 121.003(d)(2). Finally, Schraer alleged that THHSC

8

and Commissioner Suehs did not provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility. *Id.* § 121.003(d)(3).

Section 121.004 grants an aggrieved disabled individual a civil cause of action against a *person*[3] who violates section 121.003, *see* TEX. HUM. RES. CODE ANN. § 121.004(b) (West 2013) (emphasis added). Schraer does not request relief under section 121.004's civil cause of action provision, but instead asks for declaratory relief under the UDJA, but nevertheless, we conclude that such language in section 121.004 is not a clear and unambiguous waiver of sovereign immunity. *See Taylor*, 106 S.W.3d at 696–97 (recognizing the Legislature's "clear and unambiguous" waiver of sovereign immunity "when a statute provides that a *state entity* may be sued or that sovereign immunity to suit is waived.") (internal quotations omitted) (emphasis added); *cf* Tex. Gov't Code Ann. § 311.034 (noting that a statute's use of "person" to include governmental entities does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.)[4]

Accordingly, we conclude that sovereign immunity bars Schraer's ultra vires claims under Chapter 121 against THHSC, but Commissioner Suehs, in his official capacity, is

---

[3] "Person" includes a firm, association, corporation, or other public or private organization, or the agent of the person. TEX. HUM. RES. CODE ANN. § 121.004(b) (West 2013).

[4] The Texas Supreme Court has held that waiver can still be found absent "magic words" such as the State's "sovereign immunity to suit is waived," and discerning such consent is more difficult. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003). The court noted several aids that may help guide the court's analysis in making such a determination in those situations, such as: (1) the state's immunity must be waived "beyond doubt," i.e., if the provision would be meaningless unless immunity were waived; (2) we generally resolve ambiguity in favor of retaining immunity; (3) if the Legislature requires that the State be joined in a lawsuit for which immunity would otherwise attach, the Legislature has intentionally waived the state's sovereign immunity; and (4) we look to whether the statute also provides an objective limitation on the state's potential liability. *Id.*

While we acknowledge the methods articulated in *Taylor* to finding waiver of sovereign immunity absent "magic words," we conclude that they are not applicable to this statute because the statute makes clear who can be sued under its civil cause of action provision by defining "person." *See* TEX. HUM. RES. CODE ANN. § 121.004(b) (West 2013).

9

not immune.   *See Heinrich*, 284 S.W.3d at 372–73.

**(2) Title II of the ADA and Section 504**

Next, we turn to Schraer's claims under Title II of the ADA and Section 504 of the Rehabilitation Act.   *See* 42 U.S.C. §§ 12131–134 (2006).   The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   *See id.*   § 12132 (2006). THHSC and Commissioner Suehs do not dispute that Schraer meets the definition of a "qualified individual" under the ADA.   Further, a "public entity" is defined to include state agencies.   *Id.* § 12131(1)(B).

The applicable portion of the Rehabilitation Act states that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."   *See* 29 U.S.C.A. § 794(a).   Schraer alleges that THHSC is publicly funded and the recipient of federal funding, which makes this provision applicable, and neither THHSC nor Commissioner Suehs appear to refute this allegation.

In their plea, THHSC and Commissioner Suehs argue that the Eleventh Amendment immunizes them both from Schraer's claims under Title II of the ADA and Section 504 of the Rehabilitation Act.   We agree, in part, and disagree, in part.

The United States Court of Appeals for the Fifth Circuit addressed an analogous issue in *McCarthy ex rel. Travis v. Hawkins*, and we find that opinion instructive.   *See* 381 F.3d 407, 412 (5th Cir. 2004).   In *McCarthy*, twenty-one mentally disabled Texas

10

residents sued three commissioners of the Texas Health and Human Services Commission, the Texas Department of Human Services, and the Texas Department of Mental Health and Mental Retardation in federal court alleging that they were not adequately providing "community-based living options to individuals, like themselves, with mental retardation and other developmental disabilities." The *McCarthy* plaintiffs alleged that the commissioners violated several provisions of federal law, namely Title II of the ADA and section 504 of the Rehabilitation Act. *See id.* at 411. The commissioners sought a motion to dismiss the claims on the basis of Eleventh Amendment immunity, which was denied by the trial court on the basis of the *Ex Parte Young* doctrine. *See id.* The commissioners then appealed.

In addressing the appeal, the Fifth Circuit recognized the *Ex Parte Young* doctrine as an "established exception" to state sovereign immunity. Under the *Ex Parte Young* doctrine, "'a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law.'" *Id.* at 412 (quoting *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). The Fifth Circuit held that an *Ex Parte Young* suit against state officers sued in their official capacities for prospective relief was allowed. *McCarthy*, 381 F.3d at 414. The court affirmed the district court's denial of the commissioners' motion to dismiss the plaintiffs' claims on Eleventh Amendment grounds. *Id.*

We conclude that the *McCarthy* holding is sound and instructive in ruling on Schraer's claims. Therefore, we extend its reasoning to the present case. However, because Schraer's claims are brought in state district court, and not in federal court, the *Ex Parte Young* doctrine does not directly apply here. *See Quern*, 440 U.S. at 337

11

(specifically applying the doctrine to federal courts). Nevertheless, the Texas Supreme Court has recognized and compared the *Ex Parte Young* doctrine to state-court *ultra vires* proceedings. For example, in *Heinrich*, the Texas Supreme Court cited to *Ex Parte Young* and its progeny to hold that "a claimant who successfully proves an *ultra vires* claim is entitled to prospective injunctive relief, as measured from the date of the injunction." 284 S.W.3d at 374. The court justified this holding by stating that the "compromise between prospective and retroactive relief, while imperfect, best balances the government's immunity with the public's right to redress in cases involving *ultra vires* actions, and this distinction appear[s] in the immunity of the United States, and in the law of most states' immunity from state-law claims." *Id.* (internal quotations and citations omitted).

Accordingly, we conclude that sovereign immunity bars Schraer's ultra vires claims under Title II of the ADA and Section 504 of the Rehabilitation Act against THHSC, but Commissioner Suehs, in his official capacity, is not immune from these claims. *See Heinrich*, 284 S.W.3d at 372–73; *see generally McCarthy*, 381 F.3d at 414.

### C. Evidence of Ultra Vires Violations

Despite our conclusions that Commissioner Suehs is not immune from suit and that Schraer seeks permissible prospective relief, our analysis is incomplete. We must now determine whether Schrarer has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Miranda*, 133 S.W.3d at 226. ("When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.").

In our review of this sub-issue, we consider relevant evidence submitted by the

12

parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See id.* at 227. If there is no question of fact as to the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law. *Id.* at 228. If, however, the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *Id.* at 227–28. This standard mirrors review of summary judgments, and we therefore take as true all evidence favorable to Schraer, indulging every reasonable inference and resolving any doubts in his favor. *Id.* at 228.

Essentially, Schraer argues by his second amended petition that Commissioner Suehs, in his official capacity, has failed to comply with Chapter 121, Title II of the ADA, and Section 504 of the Rehabilitation Act by not making THHSC benefits programs and services accessible to individuals with disabilities, specifically by "providing ASL interpreters and other reasonable accommodations to persons with hearing disabilities in eligibility reassessment interviews."

The relevant portions of Chapter 121 prohibit discrimination of disabled persons, including a refusal to allow a person with a disability to use or be admitted to any public facility, a ruse or subterfuge calculated to prevent or discourage a person with a disability from using or being admitted to a public facility, and a failure to: make reasonable accommodations in policies, practices, and procedures, s*ee* TEX. HUM. RES. CODE ANN. § 121.003(d)(2); and provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility. *Id.* § 121.003(d)(3). Likewise, the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public

entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132. And finally, the pertinent provision of the Rehabilitation Act provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." See 29 U.S.C.A. § 794(a).

In his pleading, Schraer outlines five separate occasions in which an ASL interpreter was not provided by the THHSC offices during his eligibility reassessment interview, despite his timely request for one. Schraer provided the following dates for these meetings: (1) "spring of 2008;" (2) "fall of 2008;" (3) "spring of 2009;" (4) November 18, 2009; and (5) April 16, 2010. Schraer further alleges that his benefits were "suspended twice," that he did not "understand why they were suspended" due to THHSC's non-compliance with the relevant statutes, but that the benefits were eventually reinstated. Commissioner Suehs attached numerous pieces of undisputed evidence to his third plea to the jurisdiction and argues that this evidence refutes Schraer's allegations as a matter of law. We agree.

To overcome Commissioner Suehs's jurisdictional challenge Schraer must affirmatively demonstrate the trial court's jurisdiction to hear the cause by submitting relevant evidence to create a fact issue that Commissioner Suehs either: (1) violated Chapter 121 by failing to make reasonable accommodations in policies, practices, and procedures, or to provide him with auxiliary aids and services necessary to allow him to fully use and enjoy THHSC's services; or (2) was denied benefits of services because of his disability, to require the prospective relief that he requests.

14

The first piece of evidence submitted was Schraer's deposition transcript. During his deposition, Schraer testified that he contends that THHSC discriminated against him solely on the occasions when the interpreter failed to attend to his scheduled meetings. Schraer admitted that: (1) THHSC has a process in place to secure an interpreter for him; (2) THHSC would completely address his concerns if they provided an interpreter at his interviews; and (3) an interpreter had attended some meetings, but did not in others, for unknown reasons.

Commissioner Suehs also submitted THHSC's relevant written policy that explicitly states the following: "[THHSC] is also required to provide an effective method to communicate with applicants and recipients who indicate that they are deaf or hearing impaired." Commissioner Suehs further submitted an affidavit signed by THHSC Program Supervisor Rick Garza, whose duties include supervising the THHSC food stamp program in Cameron County. Garza stated that THHSC does not directly employ an ASL interpreter and instead contracts the services to outside companies. Two tables of available THHSC regional contractors for deaf interpretation services were also submitted as evidence along with the written procedure for how THHSC determines the need for ASL interpreter services and how THHSC schedules an appointment with interpreter services.

Further, an interpreter service log dated March 26, 2008 was also admitted into evidence, which had a signed acknowledgment by Schraer of services rendered. Garza's affidavit further asserts that on April 20, 2009, an ASL interpreter was provided to Schraer and his public assistance benefits were re-certified. Furthermore,

15

Commissioner Suehs submitted evidence related to Schraer's November 17, 2009[5] eligibility reassessment meeting, in which ASL interpreter services were requested by Scrhraer as well as THHSC personnel, and Garza testified by affidavit that ASL interpreter services were provided and Schraer's benefits were again re-certified.

Garza's affidavit further states that despite a request for ASL interpreter services related to Shraer's April 16, 2010 eligibility interview, the interpreter, Gloria Flores, failed to attend. Garza states that he called Flores to inquire whether she was planning to attend the interview, and Flores responded that she would not. Garza further states that despite not having an ASL interpreter at the eligibility meeting, a THHSC employee, who has "some experience with communicating in sign language" communicated with Schraer, and Schraer's benefits were re-certified.

Therefore, based upon this record and after construing Schraer's pleadings liberally and his favor, we nevertheless conclude that there is no question of fact as to the jurisdictional issue in this case. Commissioner Suehs is entitled to his plea to the jurisdiction as a matter of law. *See Miranda*, 133 S.W.3d at 228.

### III. CONCLUSION

In sum, we conclude that sovereign immunity bars all of Schraer's ultra vires claims against THHSC, but Commissioner Suehs, in his official capacity, is not immune from these claims. Second, although Commissioner Suehs is not immune from suit in this case, the relevant evidence submitted entitles him to dismissal of the claims against

---

[5] We recognize that in his pleadings, Schraer alleged that an eligibility reassessment meeting took place on November 18, 2009. However, the evidence submitted, including an affidavit and an official THHSC "Application for Assistance," indicates a November 17, 2009 eligibility reassessment meeting date. Schraer offered no evidence to dispute the November 17, 2009 meeting date.

16

him based on lack of jurisdiction as a matter of law because no question of fact exists on the jurisdictional issue.    We affirm the trial court's order.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
13th day of February, 2014.