PAUL E. DANIELSON, Justice, dissenting. Because I cannot say that the circuit court abused its discretion in granting the State’s motion in limine, I respectfully dissent. 110The testimony that Harmon sought to be admitted simply did not point directly to the guilt of a third party. The mere fact that an unknown contributor’s DNA was on Harmon’s sweatshirt and the bandana found outside of Harmon’s car goes to show only that, at some point in time, another unknown person came into contact with those articles of clothing. It in no way links anyone, known or unknown, to the actual perpetration of the crime. The rule in Zinger that this court applies requires that “the evidence a defendant wishes to admit ... sufficiently connects the other person to the crime.” Armstrong v. State, 373 Ark. 347, 353, 284 S.W.3d 1, 5 (2008) (emphasis added). Our decision in Birts v. State, 2012 Ark. 348, 2012 WL 4471108, is directly on point. In Birts, Birts had sought to have admitted certain fingerprint and trace-DNA evidence of unknown persons that was found at the crime scene and at the residence of one of the victims. The circuit court excluded the evidence, and we affirmed that decision, observing that “regardless of the location at which the proffered evidence was collected, there was nothing to connect that evidence directly with the perpetration of any of the three murders being tried.” 2012 Ark. 348, at 7-8 (emphasis added). We further stated: [T]he fact that unknown trace DNA and fingerprints were found at the crime scene and at the victim’s home tends to show nothing other than that some unknown third person was present in those two places at some unknown time — it does not directly connect the unknown third person with the commission of any of these three murders. And a direct connection with the perpetration of the crime on trial is what is required for admissibility under the Zinger test. Id. at 8. InHere, Harmon’s testimony that he had loaned his car to another has no bearing on a determination of whether the DNA testimony was admissible under Zinger. The evidence sought to be admitted is the evidence that must be evaluated; it is that evidence that is inadmissible unless it points directly to the guilt of the third party. Because there was nothing to directly connect the DNA evidence that Harmon wished to have admitted with the perpetration of the crimes being tried, I would affirm the circuit court’s decision granting the State’s motion in limine. HANNAH, C.J., and CORBIN, J., join.