# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00346-CV

**Carolyn R. Milton, Appellant**

**v.**

**Texas State Dental Board of Examiners and Julianne Hildebrand, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-14-000616, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carolyn R. Milton appeals a trial-court judgment granting appellees' plea to the jurisdiction based on governmental immunity and dismissing her claims against the Texas State Dental Board of Examiners and Julianne Hildebrand (collectively, the Board). We will affirm the trial court's judgment.

## BACKGROUND

Milton, appearing pro se, sued the Board and Hildebrand in Travis County district court. In her petition, Milton alleged that she has suffered "severe financial harm" as a result of the Board's alleged failure to "enforc[e] the laws of Texas." Milton asserted that her suit was "not a mandamus suit" and that she was "only seeking concrete damages" within the jurisdictional limits of the district court. Milton's petition asks that the court award her monetary damages in an "appropriate" amount. The gist of Milton's complaint appears to be that she is

dissatisfied with the Board's handling of a complaint she filed against a Houston dentist.[1] The trial court granted the Board's plea to the jurisdiction, and Milton perfected this appeal. In her appeal, Milton challenges the dismissal order on the ground that sovereign immunity does not bar her claim. She also contends that, rather than dismiss her case, the trial court should have afforded her the opportunity to amend her pleadings.

## DISCUSSION

A plea to the jurisdiction challenges a trial court's authority to decide a case. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Whether the plaintiff has met this burden is a question of law that we review de novo. *Id.*

Sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State. *See, e.g.*, *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). Milton has not identified any waiver, statutory or otherwise, of the Board's immunity from her suit for damages. In her brief to this Court, Milton asserts that the trial court had subject-matter jurisdiction over her claim because she sought a writ of mandamus "without any monetary damages." *See City of El Paso v. Heinrich*, 284 S.W.3d

---

[1] Milton had previously filed a health-care-liability claim against this dentist, which was dismissed because she failed to timely serve the defendant with an expert report. *See Milton v. Nguyen*, No. 01-11-00958-CV, 2012 WL 3228835 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, pet. denied) (mem. op.).

2

366, 372 (Tex. 2009) (suits to require state officials to comply with statutory or constitutional provisions not prohibited by sovereign immunity if suit alleges that officer acted without legal authority or failed to perform a purely ministerial act). Milton's argument is directly contradicted by the pleading she filed in the trial court, which affirmatively stated that it was not a mandamus and that she sought only monetary damages. As such, Milton's pleadings affirmatively negated the trial court's jurisdiction over her claim. The trial court correctly granted the plea to the jurisdiction based on the Board's assertion of immunity.

Milton also complains on appeal that the trial court should have permitted her an opportunity to amend her pleadings rather than dismiss her case. *See Miranda*, 133 S.W.3d at 226. If the plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* In the present case, however, Milton's pleadings affirmatively negate the existence of jurisdiction by seeking to recover monetary damages from a state agency and a state official under circumstances in which immunity has not been waived. Thus, the trial court could properly grant a plea to the jurisdiction on that claim without allowing Milton an opportunity to amend. *See id*.

Nor was Milton entitled to an opportunity, after the rendition of judgment, to amend her petition to assert a different *claim* (mandamus) over which the trial court might have subject-matter jurisdiction, as opposed to alleging additional jurisdictional *facts* supporting the claim she did assert. *See Smith v. City of Blanco*, No. 03-08-00784-CV, 2009 WL 3230836, at *6 (Tex. App.—Austin Oct. 8, 2009, no pet.) (mem. op.) ("Smith asks for the opportunity to amend not

3

to plead additional jurisdictional facts that would cure his pleading defects, but rather to assert additional causes of action for which governmental immunity might be waived. However, since Smith's pleadings affirmatively negate subject-matter jurisdiction for the causes of action he pleaded, he is not entitled to the opportunity to amend."); *see also Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007) (when pleadings are incurably defective for reason that they state cause of action for which state is immune, remanding to trial court for amendment serves no legitimate purpose and dismissal without affording opportunity to amend is proper). The trial court did not err in dismissing Milton's case without affording her an opportunity to amend her petition.

## CONCLUSION

Milton's claim seeking monetary damages against the Board allegedly arising out of its disposition of her complaint against a Houston dentist is barred by sovereign immunity. Milton's pleadings affirmatively negated the existence of jurisdiction, and the trial court did not err by granting the Board's plea to the jurisdiction and dismissing her case without affording her an opportunity to amend her pleadings. The trial court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 30, 2014

4